# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, *ex rel.* SEAN McCURDY,<br><br>　　　　　　　　　　　　Plaintiff,<br>　　v.<br><br>GENERAL DYNAMICS NATIONAL STEEL AND SHIPBUILDING (NASSCO),<br><br>　　　　　　　　　　　　Defendant. | Case No. 07cv982 BTM (CAB)<br><br>**ORDER DENYING MOTION TO DISMISS AS MOOT; GRANTING LEAVE TO FILE FIRST AMENDED COMPLAINT; ORDERING CLERK TO SEAL FIRST AMENDED COMPLAINT** |
|---|---|

Defendant NASSCO has moved to dismiss the Complaint for failure to state a claim [Doc. 26]. For the following reasons, the Court **DENIES** the Motion as moot.

This is a *qui tam* False Claims Act ("FCA") action alleging fraud in Defendant's ship building and repair work for the United States Navy. Through the course of its work, Defendant allegedly collected scrap metal owned by the Navy. According to the Plaintiff, Defendant under reported the proceeds from the sale of this scrap metal in its disclosure statements to the government. Thus, the government allegedly did not receive credit for the value of the scrap metal, resulting in overpayments to Defendant.

Plaintiff filed the original Complaint under seal in May 2007, and the Court unsealed the case in August 2009 after the United States filed its Notice of Election to Decline

Intervention. Defendant has moved to dismiss the Complaint. But rather than oppose the motion on the merits, Plaintiff has filed a First Amended Complaint ("FAC") and a short opposition, arguing that filing the FAC automatically moots the Motion to Dismiss.

Plaintiff, however, is incorrect. Under the recently amended Federal Rule of Civil Procedure 15(a)(1)(B), after a defendant files a motion to dismiss, a plaintiff has twenty-one days to amend the complaint once as a matter of course. After twenty-one days, the plaintiff must get leave to amend. Fed. R. Civ. P. 15(a)(2).

Despite Plaintiff's misunderstanding of the rules, the Court construes Plaintiff's opposition to the Motion to Dismiss, and its filing of a First Amended Complaint, as a request for leave. And because there is a liberal policy favoring amendment, the Court grants Plaintiff leave to amend. *E.g., Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).

The Court notes Defendant's concerns regarding amendment of pleadings in *qui tam* FCA actions like this one. A plaintiff in an *qui tam* FCA action must first file his complaint under seal so the government can discreetly investigate and decide whether to intervene. *See* 31 U.S.C. § 3730(b). If the government declines, and the plaintiff later wants to amend the complaint, then the FCA may require the plaintiff to refile the amended complaint under seal for the government's review. *See United States ex rel. Ubl v. IIF Data Solutions*, No. 06cv641, 2009 WL 1254704, at *4, n.4 (E.D. Va. May 5, 2009) ("The Court recognizes that under different circumstances an amended complaint might add new substantive claims for relief, or new and substantially different (as opposed to merely more detailed) allegations of fraud from those in the original complaint. In such a case, the policy considerations behind Section 3730(b)(2) might warrant ordering the *qui tam* relator to file the amended complaint under seal and serve it on the government.")

Here, the First Amended Complaint appears to state the same claims for relief, but with more detail. Thus, the policy considerations underlying the FCA's requirement that plaintiffs first file the action under seal may not apply because, after a two-year investigation, the government declined to intervene in this case based on a very similar complaint. *See*

*id.* at *4. Additionally, the government has not sought to have the FAC filed under seal.

For these reasons, the Court **DENIES** as moot Defendant's Motion to Dismiss [Doc. 26] and **GRANTS** Plaintiff leave to file a FAC, which Plaintiff has already filed [Doc. 31].

Although the Court denies Defendant's Motion, in the interests of efficient administration of this case, the Court has reviewed NASSCO's arguments in its Motion to Dismiss regarding the sufficiency of the original complaint. The Court finds that if NASSCO were to raise the same arguments against the FAC, the Court would reject most of those arguments for the following reasons.

First, NASSCO argues that Plaintiff failed to allege that NASSCO made a claim to the government. Although this may have been true of the original complaint, the FAC alleges that NASSCO knowingly filed Cost Accounting Standards Disclosure Statements with the government "that woefully underreported the value of scrap metal being taken off Navy ships . . . and then submitt[ed] cost invoices to the government based in part on these inaccurate CAS Disclosure Statements." The FAC contains detailed allegations regarding the scheme sufficient to show that NASSCO knew or should have know of the scheme, especially given that one of its vice presidents, who was allegedly involved in the creation of the CAS Disclosures, was also allegedly participating in the scheme. Thus, assuming Defendant is vicariously liable for its vice president's actions, the FAC properly alleges that Defendant knowingly submitted false statements to the government.

Second, NASSCO argues that the original complaint only alleged misconduct by a few employees, and it should not be held liable for their conduct. Several courts, however, have applied the doctrine of *respondeat superior* in FCA cases. *Grand Union Co. v. United States*, 696 F.2d 888, 891 (11th Cir. 1983) (citing *United States v. Hangar One, Inc.*, 563 F.2d 1155 (5th Cir. 1977); *United States ex rel. McCarthy v. Straub Clinic & Hosp., Inc.*, 140 F. Supp. 2d 1062, 1070 n.7 (D. Haw. 2001) (listing cases). Nevertheless, there is little Ninth Circuit precedent on this issue and the parties have not fully briefed it. Thus, the Court permits NASSCO to raise it in a later motion to dismiss, if any.

Third, NASSCO argues that Plaintiff failed to plead fraud with particularity. The Court

finds that the FAC pleads the fraud with particularity and alleges ample factual details to support the FCA cause of action. For example, Plaintiff pleads the names and positions of most of the actors, specifies the manner and means by which Defendant allegedly defrauded the government, and alleges the basis for his knowledge. The Court finds no deficiency in these allegations.

For these reasons, in a motion to dismiss the FAC, NASSCO may not raise an argument regarding whether NASSCO knowingly violated the FCA. Nor may it argue that Plaintiff has failed to plead fraud with particularity. But NASSCO may raise any argument based on *respondeat superior*, or additional arguments if the Court has not already considered them.

Lastly, because the Court is concerned with the jurisdictional issues surrounding *qui tam* FCA actions, the Court orders the Clerk to **SEAL** the FAC [Doc. 31]. Plaintiff shall serve the FAC on the government, and the government shall notify the Court within forty-five days of service whether it elects to intervene based on the FAC.

**IT IS SO ORDERED.**

DATED: April 20, 2010

*Barry Ted Moskowitz*

Honorable Barry Ted Moskowitz
United States District Judge