1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

## SOUTHERN DISTRICT OF CALIFORNIA

10

11  UNITED STATES OF AMERICA, ex rel.
SEAN McCURDY,

12                                                    Plaintiff,

13          v.

14  GENERAL DYNAMICS NATIONAL
STEEL AND SHIPBUILDING (NASSCO),

15  a Nevada Corporation, et al.,

16                                                  Defendant.

Case No. 07cv982 BTM (CAB)

**ORDER DENYING MOTION TO DISMISS**

17       Defendant has moved to dismiss the complaint for failure to state a claim and for lack

18  of subject-matter jurisdiction [Doc. 41].  For the following reasons, the Court **DENIES** the

19  motion.

20

21                          **I.  BACKGROUND**

22       This is a *qui tam* False Claims Act ("FCA") action alleging fraud in Defendant's ship

23  building and repair work for the United States Navy.  Through the course of its work,

24  Defendant's employees allegedly collected and sold scrap metal owned by the Navy.  The

25  scrap metal should have been reported for the Navy so that the Navy could receive credit for

26  the value of the scrap metal Defendant sold and collected.  But according to Relator Sean

27  McCurdy, Defendant under-reported the proceeds from the sale of this scrap metal in its

28  disclosure statements and invoices to the government because certain employees were

stealing the scrap metal and selling it.  The government allegedly did not receive credit for all the value of the scrap metal, resulting in overpayments to Defendant.

Defendant argues that the Court lacks subject-matter jurisdiction to hear this case because the facts underlying Relator's allegations have already been publicly disclosed. Defendant also argues that Relator has failed to state a claim because Defendant should not be held responsible for the alleged actions of rogue employees, and that Relator has failed to allege it actually submitted any false statements to the Navy.  The Court resolves these issues below, starting with the question of subject-matter jurisdiction.

## II.  LEGAL STANDARD

### 1.    Subject-Matter Jurisdiction

A party may move for dismissal of a suit under Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction.  In a factual attack on jurisdiction, a court "may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment."  *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).  The Court is not bound to accept the plaintiff's jurisdictional allegations as true, and once the moving party has produced evidence negating jurisdiction, the opposing party must produce its own evidence in order to satisfy its burden of establishing subject-matter jurisdiction.  *Id.*

### 2.    Failure to State a Claim

Under Federal Rule of Civil Procedure 8(a)(2), the plaintiff is required only to set forth a "short and plain statement of the claim showing that the pleader is entitled to relief," and "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  When reviewing a motion to dismiss, the allegations of material fact in plaintiff's complaint are taken as true and construed in the light most favorable to the plaintiff.  *See Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995).  But a court must only accept as true factual

07cv982 BTM (CAB)

allegations—not legal conclusions.  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*  Although detailed factual allegations are not required, the factual allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.  Furthermore, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 129 S. Ct. at 1949.

## III.  DISCUSSION

### 1.    The Court Has Subject-Matter Jurisdiction

Defendant argues that the Court lacks subject-matter jurisdiction because the details underlying Relator's suit have been publicly disclosed.   Under the FCA, courts lack jurisdiction to hear claims that have already been publicly disclosed, unless the person bringing suit was the original source of the information:

> The court shall dismiss an action or claim under this section, unless opposed by the Government, if substantially the same allegations or transactions as alleged in the action or claim were publicly disclosed--
>
> (i) in a Federal criminal, civil, or administrative hearing in which the Government or its agent is a party;
>
> (ii) in a congressional, Government Accountability Office, or other Federal report, hearing, audit, or investigation; or
>
> (iii) from the news media,
>
> unless the action is brought by the Attorney General or the person bringing the action is an original source of the information.

31 U.S.C. § 3730(e)(4)(A).

The public-disclosure provision sets up a two-tiered inquiry.   A court must first determine whether the "same allegations or transactions as alleged in the action or claim were publicly disclosed." *United States ex rel. Meyer v. Horizon Health Corp.*, 565 F.3d 1195, 1199 (9th Cir. 2009) (construing similar version of statute).  If the allegations have been publicly disclosed, then the court should determine whether the relator is an "original source" within the meaning of § 3730(e)(4)(A).  *Id.*  Relators have the burden of establishing subject-matter jurisdiction by a preponderance of the evidence.  *Id.*

1

2       A.     The Allegations Were Not Publicly Disclosed

3       Disclosure to a government official investigating fraud is not a public disclosure under

4 § 3730(e)(4)(A).  *See Horizon Health Corp.*, 565 F.3d at 1200–01.  "Thus, even when the

5 government has the information, it is not publicly disclosed under the Act until it is actually

6 disclosed to the public." *Id.* at 1201.[1]

7       Here, Defendant has produced evidence showing that it disclosed possible theft of

8 scrap material to the Naval Criminal Investigative Service ("NCIS") in August 2006, before

9 McCurdy filed this suit.  But it has not shown that the information was disclosed to anyone

10 beyond the NCIS.  Disclosure to the NCIS alone is insufficient to show public disclosure. *Id.*

11 There is no evidence before the Court that the information underlying McCurdy's allegations

12 has been publicly disclosed within the meaning of § 3730(e)(4)(A).

13       This suit is not barred under the public-disclosure provision.  It is therefore

14 unnecessary to discuss whether Relator was an original source.  The motion to dismiss

15 under 31 U.S.C.  3730(e)(4)(A) is denied without prejudice.

16

17 **2.     Failure to State a Claim Under 12(b)(6)**

18       Defendant argues that Relator has failed to state a claim for two reasons.  The first

19 is that Relator has failed to allege that Defendant submitted a false statement to the

20 government.  And the second is that Defendant is not responsible under the doctrine of

21 *respondeat superior* for the alleged actions of its employees.  The Court discusses each

22 argument below.

23 //

24 //

25

26     [1] Defendant cites to Seventh Circuit precedent holding that disclosure of fraud to a
27 government official responsible for investigating such matters *is* public disclosure under the FCA.  *See United States ex rel. Mathews v. Bank of Farmington*, 166 F.3d 853 (7th Cir. 1999), *overruled on other grounds by Glaser v. Wound Care Consultants, Inc.*, 570 F.3d 907,
28 910 (7th Cir. 2009).  The Ninth Circuit has considered and rejected this view.  *See Horizon Health Corp.*, 565 F.3d at 1201, n.3.

A.      Relator Has Alleged False Statements

The FCA "prohibits false or fraudulent claims for payment to the United States." *Horizon Health Corp.*, 565 F.3d at 1198.  A relator must allege "*an actual false claim* for payment being made to the Government."  *United States ex rel. Aflatooni v. Kitsap Physicians Serv.*, 314 F.3d 995, 1002 (9th Cir. 2002) (quoting *United States ex rel. Clausen v. Lab. Corp. of Am.*, 290 F.3d 1301, 1311 (11th Cir. 2002).

Relator alleges Defendant submitted to the government documents called Cost Accounting Standards Disclosure Statements ("CASD Statement"), which contained false claims for payment.  But Defendant has now submitted examples of the CASD Statements and argues that they do not contain any false statements.[2]  Relator, of course, disagrees and points to the following statement: "Scrap sales are allocated directly to final cost objectives based on incremental steel issues for the year."

The parties disagree over whether this statement, which Defendant allegedly made in a CASD Statement to the Government, is a false statement or claim under the FCA.  The statement itself only says how actual scraps sales are allocated, but says nothing about the amount of scrap collected or sold.  Nothing in the statement is false, even assuming employees were stealing scrap metal.  And Relator has not alleged that Defendant's actual, legitimate scrap sales—setting aside employee theft of the scrap—were under-reported or that the Government did not get credit for the scrap sold legitimately.  The CASD Statements therefore do not contain any false statements as defined under the FCA.[3]

Although the CASD Statements do not make any false statements under the FCA, Relator has also alleged Defendant submitted false invoices to the Government.  In the First

---

[2]  Although Relator has not attached any CASD Statements to the pleadings, the Court may consider the documents even on a motion to dismiss because they are central to Relator's claims and he references the documents in his Amended Complaint.  *See Branch v. Tunnell*, 14 F.3d 449, 453–54 (9th Cir. 1994), *overruled on other grounds, Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1127 (9th Cir. 2002).

[3]  Relator also argues that the CASD Disclosures are incomplete because they omit a "continuation sheet," which the CASD Disclosures refer to.  But the CASD Disclosures submitted to the Court actually do contain a "continuation sheet," so the Court rejects Relator's claim.

Amended Complaint ("FAC"), Relator alleges that "each and every CAS Disclosure Statement *and invoice* based, in part, on these CAS Disclosure Statements, was underreporting the value of scrap metal being taken off Navy ships and not used in the repair of Navy ships." (FAC ¶ 27.)  Neither party has submitted such an invoice to the Court, so the Court is limited to the allegations in the FAC and bound to accept them as true.  Because Relator alleges that Defendant submitted invoices which under-reported the "value of scrap metal being taken off Navy ships and not used in the repair of Navy ships," he has stated a claim under the FCA.[4]  Defendant may raise this issue on a motion for summary judgment.

###        B.    Respondeat Superior

The parties dispute whether Defendant should be held responsible for its employees' alleged theft of scrap metal.   The Court has already held that Relator has successfully pled that Defendant submitted false statements to the Government.  Under the FCA, however, a defendant must submit those false statements knowingly.  So the question is whether certain employees' knowledge of the alleged theft can be imputed to Defendant.

Although the Ninth Circuit has not addressed the issue, other Circuits have held that businesses can be held vicariously responsible under the FCA for their employees' false statements under certain circumstances.   But there is diverging authority on how to determine vicarious liability.  Some circuits have held that in FCA claims, knowledge of an employee can be imputed to the employer when the employee "acts for the benefit of the corporation and within the scope of his employment." *Grand Union Co. v. United States*, 696 F.2d 888, 891 (11th Cir. 1983); *see also United States v. Ridglea State Bank*, 357 F.2d 495, 498 (5th Cir. 1966).  Other circuits have disagreed, holding that a "corporation should be held liable under the False Claims Act for the fraud of an agent who acts with apparent authority even if the corporation received no benefit from the agent's fraud." *United States v. O'Connell*, 890 F.2d 563, 569 (1st Cir. 1989); *see also United States v. Fox Lake State Bank*, 240 F. Supp. 720, 722 (N.D. Ill. 1965).  And a district court here in the Ninth Circuit held that

---

[4]  Defendant failed to respond to Relator's argument regarding the invoices.

1    under the FCA an employee's knowledge can be imputed to his employer if he is "employed

2    in a managerial capacity" and "acting in the scope of employment."   *United States ex rel.*

3    *Rosales v. San Francisco Housing Auth.*, 173 F. Supp. 2d 987, 1004 (N.D. Cal. 2001).

4         Given that the law regarding *respondeat superior* liability under the FCA is somewhat

5    unsettled in the Ninth Circuit, the Court declines to dismiss Relator's FAC on the pleadings.

6    Making every reasonable inference in favor of the Relator, the allegations in the FAC are

7    sufficient to show that Defendant could be held liable for the fraudulent acts of its employees,

8    whether under an intent-to-benefit, apparent-authority, or managerial-capacity theory.

9    Defendant does not dispute that the FAC alleges Defendant's employees, including a vice

10   president, were involved in the alleged fraud.  Deciding the standard for vicarious liability and

11   determining whether the facts here meet that standard is therefore better left for summary

12   judgment.  *See United States ex rel. McCarthy v. Straub Clinic & Hosp., Inc.*, 140 F. Supp.

13   2d 1062, 1070, n.7 (D. Haw. 2001) (denying motion to dismiss because defendant could be

14   held vicariously liable under a number of theories).

15

16                                      **IV.  CONCLUSION**

17         For the foregoing reasons, the Court **DENIES** Defendant's motion to dismiss [Doc.

18   41].

19   **IT IS SO ORDERED.**

20

21   DATED:  August 31, 2010

22

23                                      Honorable Barry Ted Moskowitz
                                        United States District Judge
24

25

26

27

28